[Cite as *State v. Mihalik*, 2021-Ohio-2466.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- v -

SHAWN A. MIHALIK,

        Defendant-Appellant.

CASE NO. 2020-L-095

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2013 CR 000780

---

### O P I N I O N

Decided: July 19, 2021
Judgment: Affirmed in part, reversed in part, and remanded

---

*Charles E. Coulson*, Lake County Prosecutor, and *Jennifer A. McGee*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44047 (For Plaintiff-Appellee).

*Richard J. Perez*, 4230 State Route 306, Suite 240, Willoughby, OH 44094 (For Defendant-Appellant).


CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Shawn A. Mihalik, appeals from the August 4, 2020 judgment entry of the Lake County Court of Common Pleas denying his motion to deem restitution satisfied or, in the alternative, credit appellant for amounts paid in the civil settlement. For the reasons set forth herein, the judgment is affirmed in part, reversed in part, and remanded.

{¶2} In September 2015, appellant plead guilty to two counts of Aggravated Assault in violation of R.C. 2903.12, felonies of the fourth degree, and sentenced to three years community control subject to various restrictions including $41,291.92 in restitution.

{¶3} In June 2017, appellant filed a motion requesting the trial court review its initial restitution order arguing he had reached a settlement with the victim in a civil suit wherein the victim deemed all claims fully satisfied and discharged in consideration for $2,000. The trial court denied the order; appellant did not appeal. In December 2019, appellant filed another motion requesting that the trial court deem appellant's restitution satisfied or in the alternative, credit him for the amounts paid in the civil settlement. The court denied his motion. Appellant filed this timely appeal, assigning one error for our review, which states:

{¶4} The trial court erred in denying appellant's motion to deem restitution satisfied when a full civil release and settlement agreement was executed by the victim.

{¶5} Appellate courts review felony sentences, including restitution orders, under R.C. 2953.08(G)(2). *State v. Ciresi,* 11th Dist. Geauga No. 2020-G-0249, 2020-Ohio-5305, ¶5. Thus, our standard of review as dictated by R.C. 2953.08(G)(2) is:

{¶6} The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

{¶7} (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

{¶8} (b) That the sentence is otherwise contrary to law.

2

Case No. 2020-L-095

{¶9} This is a highly deferential standard as the court of appeals must clearly and convincingly find that the record does not support the trial court's findings. *Ciresi, supra,* at ¶10.

{¶10} The question appellant asks this court to consider is whether a settlement agreement signed by the victims in a civil matter discharges a defendant from any further restitution, claims, actions, damages, costs, or expenses relative to the underlying criminal matter. It does not appear this court has had an opportunity to address this particular issue.

{¶11} The Seventh District, however, has held that, "[u]nder the plain language of [R.C. 2929.18(A)], the court can order restitution regardless of the civil suit settlement as long as it credits any amounts paid toward its determination of economic loss." *State v. Gray,* 7th Dist. Belmont No. 02 BA 26, 2003-Ohio-805, ¶21. R.C. 2929.18(A)(1) states in pertinent part, "the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. * * * All restitution payments shall be credited against any recovery of economic loss in a civil action brought by the victim * * * against the offender." Appellant argues that *Gray* is distinguishable from the case at bar in that here appellant reached a settlement with the victim *after* the trial court ordered appellant to pay $41,291.92 in restitution. We are not persuaded, and as explained further below, agree with and adopt the holding of the Seventh District.

{¶12} The Supreme Court of Ohio has noted that "although the primary goal of restitution is remedial or compensatory, it also serves punitive purposes." *State v. Aguirre,* 144 Ohio St.3d 179, 2014-Ohio-4603, ¶23. "[P]rivate individuals should not be

3

allowed to thwart the penal goals of the criminal justice system by entering into releases or settlements with wrongdoers. 'Private parties cannot simply agree to waive the application of a criminal statute. * * * [T]he law will not tolerate privately negotiated end runs around the criminal justice system.' * * * It would be improper to permit private parties to release criminal wrongdoers from punishment." *United States v. Bearden*, 274 F.3d 1031, 1041 (6th Cir.2001), quoting *United States v. Savoie*, 985 F.2d 612, 619 (1st Cir.1993). Further, as noted by the Twelfth District, restitution is ordered as part of a sentence for the commission of a crime, and "a crime is an offense against the state, not an individual." *State v. Tuemler*, 12th Dist. Warren No. CA2004-06-068, 2005-Ohio-1240, ¶14, citing Black's Law Dictionary (4 Ed.1990) 370.

{¶13} These principles are unaffected by whether the civil settlement is entered into before or after restitution is ordered in a criminal case; the penal purpose of restitution remains the same. Thus, we do not find *Gray* distinguishable from the case sub judice and hold that a court can order restitution regardless of a civil suit settlement, as long as it credits any amounts paid in the settlement toward its determination of economic loss.

{¶14} Appellant also likens this case to *Brown v. Gallagher,* 179 Ohio App.3d 577, 2008-Ohio-6270 (4th Dist.). However, the Fourth District expressly noted that the circumstances under which this case applied were unlikely to occur again because the statutory language in R.C. 2929.18 had since changed, eliminating a court's authority to order restitution to non-parties. *Id.* at ¶8. Indeed, the facts are readily distinguishable from the case at bar; the indemnification clause that the victim and appellant in *Gallagher* signed, ultimately meant that the victim was to pay the amount the appellant owed as restitution in the criminal matter to the victim's employer for lost time. Even setting aside

4

the factual differences between *Gallagher* and the case sub judice, we are apt to agree with the dissenting opinion: "the indemnity agreement in this case, even if it technically encompassed criminal restitution, would be void as contrary to the purposes of imposing criminal restitution set forth in R.C. 2929.11(A). This conclusion is especially true in light of the fact that R.C. 2929.18(A)(1), the statute giving criminal courts the authority to impose restitution, protects a criminal defendant from the harm the indemnity clause seeks to avoid, i.e., having to pay the same damages twice." *Id.* at ¶19 (Kline, J., dissenting).

{¶15} Unlike in *Gallagher,* where the appellant was contracting responsibility for the payment of his owed restitution, here appellant asks us to find that an offender can, through a civil settlement or action, contract around the restitution order to which he was sentenced in a criminal matter and so avoid it altogether. We decline to adopt that rule.

{¶16} Accordingly, insofar as the trial court denied appellant's motion to deem restitution satisfied in this case, we do not clearly and convincingly find the trial court erred.

{¶17} However, the trial court also denied the part of appellant's motion which requested the court count the $2,000 paid to the victims in the civil settlement toward appellant's restitution in the criminal case. This denial directly contradicts the mandate of R.C. 2929.18(A)(1): "All restitution payments shall be credited against any recovery of economic loss in a civil action brought by the victim * * * against the offender." The statute does not specify only settlements occurring before the criminal order of restitution or otherwise limit which settlements should be counted. Moreover, the nonapplication of this payment may result in the victim receiving more than he lost. The law does not favor

5

windfalls or duplicate payments to the victim.  *Id.*; see also *State v. Bowman*, 181 Ohio App.3d 407, 2009-Ohio-1281, ¶12 (2d Dist.).

{¶18}  In this case, the trial court determined that the victim suffered $41,291.92 in economic loss.  Nevertheless, the trial court denied appellant's motion which in part requested the $2,000 settlement payment be counted toward the amount of restitution owed.  As the settlement was reached after the appellant was sentenced in the criminal case, it is clear the trial court did not and could not have considered the $2,000 payment when calculating the $41,291.92 restitution sum.  The record before us includes receipts indicating the $2,000 payment has been made; the payment is further acknowledged by the victim in the settlement agreement.  Accordingly, consistent with the clear direction of R.C. 2929.18, the trial court's denial of appellant's request to credit the $2,000 settlement payment toward the amount owed in restitution, without first determining whether it constitutes payment for economic loss already covered by the restitution order, is contrary to law.

{¶19}  Thus, appellant's sole assignment of error has partial merit.

{¶20}  The judgment of the Lake County Court of Common Pleas is affirmed in part, reversed in part, and remanded for the trial court to determine whether the amounts paid toward the settlement were for economic loss suffered by the victim as a direct and proximate result of the commission of the offense.

MARY JANE TRAPP, P.J., concurs,

THOMAS R. WRIGHT, J., concurs in judgment only.

Case No. 2020-L-095