THE STATE OF OHIO, APPELLEE, *v.* SCHAUB, APPELLANT.

[Cite as State v. Schaub (1976), 46 Ohio St. 2d 25.]

(No. 75-308—Decided April 21, 1976.)

Mr. *Lee C. Falke*, prosecuting attorney, and *Mr. Gary W. Crim*, for appellee.

Messrs. *Boller & Shuffelton* and *Mr. Michael F. Boller*, for appellant.

*Per Curiam.* The sole issue for determination is whether the actions of trial counsel for the state in informing the defense witness of his Fifth Amendment right to remain silent, calling the court's attention to possible difficulties with the defendant's testimony, and the trial court's subsequent rulings thereon, were prejudicial to the defendant's rights under the Sixth Amendment and Section 10, Article I, Ohio Constitution, to obtain witnesses in his favor.

In *Hoffman* v. *United States* (1951), 341 U. S. 479, 486, the United States Supreme Court stated with respect to a witness's privilege against self-incrimination:

"* * * It is for the court to say whether his silence is justified, *Rogers* v. *United States*, 340 U. S. 367 (1951), and to require him to answer if 'it clearly appears to the court that he is mistaken.' *Temple* v. *Commonwealth*, 75 Va. 892, 899 (1881)."

The court stated further, at page 488, that it must be "* * * *perfectly clear*, from a careful consideration of all the circumstances in the case, that the witness is mistaken, and the answer[s] cannot possibly have such tendency' to incriminate. * * * [Citations omitted.]"

From a review of the record, this court agrees with the Court of Appeals that "[t]here is evidence that Everett was a companion and accompanied the defendant the night before the killing, and during the intervening time up to the time of the killing. Any statement Everett made under oath during the trial of defendant could be used against him upon a subsequent trial of his own. The trial court

had a duty to protect the constitutional rights of Everett as well as to ensure defendant a fair trial. The trial court could not compel Everett to testify, and to have done so, or in any way coerce Everett, would have been reprehensible. * * *'' See *Hoffman* v. *United States, supra.*

With regard to the prosecution's conduct herein, the instant case is distinguishable from the recent case of *United States* v. *Smith* (C. A. D. C. 1973), 478 F. 2d 976, which involved a similar fact situation. In that case the court, reversing defendants' convictions, held, at page 979, that ''[w]e think that the prosecutor's warning was plainly a *threat* that resulted in depriving the defendants of * * * [the witness's] testimony.'' (Emphasis added.) In the instant case, no such ''threat'' was involved. In Everett's own words, ''He [Mr. Jacobson] didn't say he didn't want me to testify; he said it was something or another that I didn't have to testify, or something like that.''

This court does not find any improper action prejudicial to defendant's constitutional rights. See ABA Standards relating to the Prosecution Function and the Defense Function, the Prosecution Function, Section 3.2(b), at page 81 (1970).[2]

By reason of the foregoing, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

---

[2]Section 3.2(b) is as follows:

''In interviewing a prospective witness it is proper but not mandatory for the prosecutor or his investigator to caution the witness concerning possible self-incrimination and his possible need for counsel.''