**The STATE of Ohio, Appellant,**

v.

**POOLE, Appellee.**

[Cite as *State v. Poole,* 185 Ohio App.3d 38, 2009-Ohio-5634.]

Court of Appeals of Ohio,
Eleventh District, Ashtabula County.

No. 2009–A–0010.

Decided Oct. 23, 2009.

Thomas L. Sartini, Ashtabula County Prosecuting Attorney, and Shelley M. Pratt, Assistant Prosecuting Attorney, for appellant.

Richard R. Danolfo, Ashtabula County Public Defender, for appellant.

Cynthia Westcott Rice, Judge.

{¶ 1} Appellant, the state of Ohio, appeals the judgment of the Ashtabula County Court of Common Pleas granting appellee's, Annabell B. Poole's, motion to suppress her statement. The statement at issue is Poole's testimony offered on behalf of her former co-defendant in his separate trial. For the reasons that follow, we reverse and remand.

{¶ 2} On September 19, 2008, Poole was indicted in the instant case on one count of possession of methamphetamine in an amount less than bulk, a felony of the fifth degree, in violation of R.C. 2925.11. This charge stemmed from an incident that occurred on December 15, 2007, during which Poole and her boyfriend, Robert Coffman, were stopped by police while in a car driven by Coffman. In the course of that stop, police located various controlled substances and other contraband on Poole and on Coffman.

{¶ 3} Poole was indicted in Ashtabula County case No. 2008 CR 64 and charged with possession of controlled substances and other contraband found on her person. Specifically, she was charged with illegal assembly and possession of chemicals for the manufacture of methamphetamine, two counts of possession of methamphetamine in an amount less than bulk, one count of possession of methamphetamine in an amount greater than bulk, possession of hydrocodone, and possession of criminal tools. Coffman was indicted in Ashtabula County case No. 2008 CR 65 for possession of methamphetamine found in his coat pocket.

{¶ 4} Poole pleaded guilty to the illegal assembly or possession of chemicals for the manufacture of methamphetamine, and in exchange, the state dismissed the remaining counts against her. On April 4, 2008, she was sentenced to two years in prison.

{¶ 5} Meanwhile, Coffman proceeded to jury trial. In the course of that trial, his attorney, David W. Per Due, subpoenaed Poole to testify for Coffman as a defense witness.

{¶ 6} During Coffman's trial, on July 7, 2008, attorney Per Due called Poole to testify on behalf of Coffman. She testified that she was presently in prison pursuant to her conviction. She testified that on December 15, 2007, while she was a passenger in a truck driven by Coffman, they were stopped by Geneva police for speeding. She said that when the officer approached Coffman, the officer asked him if he had any narcotics, and Coffman said he did not and told the officer he could search him. She testified that Coffman was wearing her coat. During his search of Coffman's person, the officer found an envelope containing a small amount of methamphetamine in his coat pocket. Coffman's attorney asked Poole, "Whose was that?" and she said it was hers. At no time during her testimony did Poole assert her privilege against self-incrimination. Poole testified that she also had various controlled substances and chemicals to make methamphetamine on her person, for which she was indicted and pleaded guilty. The next day, July 8, 2008, Coffman was acquitted by the jury.

{¶ 7} Two months after her testimony, Poole was indicted in the instant matter for possession of methamphetamine. After entering her plea of not guilty, she filed a motion to dismiss the indictment on the grounds of double jeopardy and a motion to suppress her testimony at Coffman's trial.

{¶ 8} At the suppression hearing on Poole's motions, her counsel told the court that Poole was indicted in the instant case for possession of the same drugs for which Coffman had been acquitted. Poole's attorney conceded that Poole was not originally charged with possession of the methamphetamine found in Coffman's pocket. He argued that the trial court should have advised Poole of her privilege against self-incrimination while she was testifying, because the court should have known Poole was about to incriminate herself.

{¶ 9} The prosecutor, who was also the prosecutor in Coffman's case, represented to the court that prior to Poole's testimony, the state had no idea how she was going to testify. He told the court that the first time he ever heard that the drugs found in Coffman's coat belonged to Poole was when he heard her testify at Coffman's trial. She had not previously provided this information to the police when they stopped her and Coffman, at the time Poole entered her plea bargain, or when the prosecutor interviewed her prior to her trial testimony.

{¶ 10} The prosecutor also told the court that until he heard Poole's testimony, it was his understanding that Coffman's coat and the methamphetamine found in his pocket belonged to him. The prosecutor said:

{¶ 11} "There's nothing at all that would have tipped the State off, not even the slightest thing that would suggest that Ms. Poole was going to sit up there and admit to any criminal activity. The State of Ohio firmly believed that she was going to simply state * * * how cooperative Mr. Coffman was and how surprised he was to find this in his coat pocket."

{¶ 12} For all these reasons, the prosecutor argued that prior to Poole's testimony, the state had no reason to stop the proceedings during her testimony in Coffman's trial and ask the court to advise her of her privilege against self-incrimination.

{¶ 13} Following the suppression hearing, the trial court in its January 26, 2009 judgment entry denied Poole's motion to dismiss, finding no double-jeopardy violation because the state had no reason to believe that the drugs found on Coffman's person belonged to Poole. She has not appealed that ruling. In fact, Poole concedes in her appellate brief that "[n]one of the charges [she] initially faced, nor the plea agreement, had anything to do with the drugs found in this coat."

{¶ 14} With respect to Poole's motion to suppress, the trial court found that when Per Due asked Poole to whom the methamphetamine found in Coffman's coat belonged, after she had previously testified the coat belonged to her, the trial judge should have cautioned Poole concerning her privilege against self-incrimination. Because she was not advised of her rights, the court found that her Fifth Amendment rights had been violated and granted her motion to suppress.

{¶ 15} The state of Ohio appeals the trial court's judgment, asserting the following as its sole assignment of error:

{¶ 16} "The trial court erred in granting appellee's motion to suppress."

{¶ 17} The state of Ohio argues that the trial court erred in suppressing Poole's testimony because the court in Coffman's case did not have sufficient cause to believe Poole was about to incriminate herself. Poole argues that the trial judge in Coffman's case violated his duty to advise her of her privilege against self-incrimination during her testimony on behalf of Coffman. We address three issues in this case: (1) whether the trial court erred in not ruling on the privilege when Poole failed to assert it during her trial testimony, (2) whether the trial court erred in not advising Poole of the privilege in light of her status as a co-defendant who had pleaded guilty, and (3) whether the court abused its discretion in not informing her of the privilege.

{¶ 18} Appellate review of a trial court's ruling on a motion to suppress evidence presents a mixed question of law and fact. *State v. Burnside,* 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. During a hearing on a motion to suppress evidence, the trial judge acts as the trier of fact and as such is in the

best position to resolve factual questions and assess the credibility of witnesses. Id.; *State v. Mills* (1992), 62 Ohio St.3d 357, 366, 582 N.E.2d 972. An appellate court reviewing a motion to suppress is bound to accept the trial court's findings of fact where they are supported by some competent, credible evidence. *State v. Guysinger* (1993), 86 Ohio App.3d 592, 594, 621 N.E.2d 726. Accepting these facts as true, the appellate court independently reviews the trial court's legal determinations de novo. *State v. Djisheff,* 11th Dist. No. 2005–T–0001, 2006-Ohio-6201, 2006 WL 3393344, ¶ 19. In the instant case, no witnesses testified at the suppression hearing. Instead, the court made its determination based solely on counsel's argument and submittals.

{¶ 19} We first consider whether the trial court erred in not advising Poole of her Fifth Amendment privilege against self-incrimination when she failed to assert the privilege during her testimony in Coffman's trial. "We review the assertion of a Fifth Amendment privilege against self-incrimination and its grant or denial for abuse of discretion." *United States v. Boothe* (C.A.6, 2003), 335 F.3d 522, 525.

{¶ 20} "The Fifth Amendment privilege against self-incrimination protects a witness from answering a question which might incriminate him if it is determined *in the sound discretion of the trial court* that there is a reasonable basis for the witness [to] apprehend that a direct answer would incriminate him." (Emphasis added.) *State v. Cummings* (Nov. 5, 1990), 5th Dist. Nos. 89–CA–45 and 89–CA–46, 1990 WL 187117, *2, citing *Mason v. United States* (1917), 244 U.S. 362, 37 S.Ct. 621, 61 L.Ed. 1198.

{¶ 21} "It is within the discretion of the court to warn a witness about the possibility of incriminating herself, *United States v. Silverstein* (C.A.7, 1984), 732 F.2d 1338, 1344, just so long as the court does not abuse that discretion by so actively encouraging a witness' silence that advice becomes intimidation." *State v. Abdelhaq* (Nov. 24, 1999), 8th Dist. No. 74534, 1999 WL 1067924, *5, citing *United States v. Arthur* (C.A.6, 1991), 949 F.2d 211, 216. Badgering a witness is a violation of due process. *Arthur* at 216; *Webb v. Texas* (1972), 409 U.S. 95, 93 S.Ct. 351, 34 L.Ed.2d 330. This is because "[t]he Supreme Court has expressly recognized that a party's right to present his own witnesses in order to establish a defense is a fundamental element of due process." *United States v. Foster* (C.A.6, 1997), 128 F.3d 949, 953.

{¶ 22} Courts have consistently held that in order for the trial court to rule on whether it is reasonable for a witness to claim the privilege, the witness must first invoke the privilege in response to a particular question. In *United States v. Arnott* (C.A.6, 1983), 704 F.2d 322, the Sixth Circuit held:

{¶ 23} "[I]t is well-established that a district court may not rule on the validity of a witness' invocation of the fifth amendment privilege against compulsory self-incrimination *until the witness has asserted the privilege in response to a particular question.* United States v. Stephens, 492 F.2d 1367 (6th Cir.), cert. denied, 419 U.S. 852, 95 S.Ct. 93, 42 L.Ed.2d 83 (1974); *United States v. Harmon,* 339 F.2d 354, 359 (6th Cir.1964), cert. denied, 380 U.S. 944, 85 S.Ct. 1025, 13 L.Ed.2d 963 (1965). Arnott's counsel failed to pose any particular questions to [the witness], and therefore the district court was not confronted with any obligation to rule upon an asserted privilege." (Emphasis added.) *Arnott* at 324–325.

{¶ 24} "This rule in substantially the same form was announced by Chief Justice Marshall, as early as 1807, in the trial of Aaron Burr, in the Circuit Court for the District of Virginia. ' * * * *In such a case the witness must himself judge what his answer will be*; and if he say on oath that he cannot answer without accusing himself, he cannot be compelled to answer.' In the course of his opinion the Chief Justice said: *'The court[s] cannot participate with him in this judgment, because they cannot decide on the effect of his answer without knowing what it would be * * *.'* Case No. 14692 e, *United States v. Burr, In re Willie,* 25 Fed.Cas. 38, 40." (Emphasis added.) *In re Atterbury* (C.A.6, 1963), 316 F.2d 106, 109.

{¶ 25} Based on the foregoing authority, in order for a trial court to rule on a claim of privilege against self incrimination, the witness must first assert it in response to a particular question. The trial court then exercises its discretion in determining whether it is reasonable for the witness to assert it. Since Poole never asserted a Fifth Amendment privilege during her testimony in Coffman's trial, the judge did not err in not ruling on the privilege.

{¶ 26} We turn now to the question of whether the trial court in Coffman's trial erred in not advising Poole of the privilege in light of her status as a co-defendant who had pleaded guilty.

{¶ 27} First, we note that the trial court erred in its judgment entry in holding that a trial court has a duty to inform every witness of his right not to incriminate himself. The cases cited by the trial court do not stand for this proposition. In *State v. Schaub* (1976), 46 Ohio St.2d 25, 75 O.O.2d 94, 346 N.E.2d 295, the prosecutor interrupted the witness's questioning and asked the court to advise the witness of his rights because he believed that the witness's testimony could involve him in criminal conduct. Thus, the trial court admonished the witness only after the prosecutor had asked the court to do so; the Supreme Court did not hold that the trial court had a duty to advise the witness on its own initiative. Further, in *State v. Carter,* 4th Dist. No. 07CA1, 2007-Ohio-

2532, 2007 WL 1518614, at ¶ 15 and *State v. Oden* (July 21, 1977), 8th Dist. No. 36241, 1977 WL 201460, *3, the witnesses advised by the court of their rights were indicted co-defendants who had not entered a plea. As explained below, a trial court has a duty to inform a co-defendant who has not pleaded guilty of his or her right against self-incrimination. However, as to all other witnesses, it is within the trial court's discretion to advise a witness of his or her privilege against self-incrimination. *Abdelhaq*; *Arthur*, 949 F.2d 211.

{¶ 28} Thus, Poole's reliance on *Schaub*, 46 Ohio St.2d 25, 75 O.O.2d 94, 346 N.E.2d 295, in support of her contention that the trial court had a duty to inform her of her privilege against self incrimination is misplaced.

{¶ 29} We also observe that the state is incorrect in arguing that the duty to inform a witness of his privilege against self incrimination is dependent on whether the witness is a "putative defendant." "A witness is a putative defendant if, *at the time he appears before the grand jury*, the witness is potentially the focus of the investigation and is thus subject to possible indictment." (Emphasis added.) *State v. Cook* (1983), 11 Ohio App.3d 237, 241, 11 OBR 362, 464 N.E.2d 577. Accord *State v. Huggins*, 8th Dist. No. 88068, 2007-Ohio-1289, 2007 WL 853239, at ¶ 12. The "putative defendant" concept applies only in the context of grand jury proceedings. See *Cook*. Since Poole testified in Coffman's trial rather than in grand jury proceedings, the test referred to by the state has no application here.

{¶ 30} Poole suggests that because she was Coffman's co-defendant, the trial court should have advised her of her privilege against self-incrimination. She argues that it makes no difference that she had pleaded guilty before she testified because, she claims, the case law does not distinguish co-defendants who have pleaded guilty from those who have not. Poole presents no authority in support of this argument, which, based on our review of the applicable case law, is incorrect.

{¶ 31} While Ohio appellate districts have held that a trial court has a duty to inform a co-defendant of his privilege against self incrimination, *Carter*, 2007-Ohio-2532, 2007 WL 1518614, and *Oden*, 1977 WL 201460, courts hold that once a co-defendant pleads guilty, it is within the trial court's discretion to inform the witness of the privilege. In *Boothe*, 335 F.3d 522, the defendant called his co-defendant as a witness in his defense. The co-defendant had already pleaded guilty but had not yet been sentenced. In these circumstances, the Sixth Circuit held, "The *district court ha[d] the discretion* to warn [the] witness about the possibility of incriminating himself." (Emphasis added.) Id. at 525.

{¶ 32} Further, courts hold that once a co-defendant pleads guilty and is sentenced, his privilege against self-incrimination in that case terminates. *Bank*

*One of Cleveland, N.A. v. Abbe* (C.A.6, 1990), 916 F.2d 1067, 1076; *Mitchell v. United States* (1999), 526 U.S. 314, 325, 119 S.Ct. 1307, 143 L.Ed.2d 424. As a result, when Poole testified for Coffman, she was no longer a co-defendant in a pending criminal case with Coffman. While she retained a privilege against self-incrimination as to other potential criminal charges, she did so as a witness and not as a co-defendant. The trial court therefore had discretion in deciding whether to inform her of her Fifth Amendment privilege as it would for any other witness. *Boothe.* Because Poole had already pleaded guilty and was sentenced, and further because she failed to assert the privilege at any time during Coffman's trial, we hold that the judge in Coffman's trial did not err in not advising her of her rights.

{¶ 33} Finally, we turn to the issue that ultimately determines this case, i.e., whether the court abused its discretion in not informing Poole of the privilege. The United States Supreme Court in the seminal case of *Hoffman v. United States* (1951), 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118, held:

{¶ 34} "The privilege afforded not only extends to answers that would in themselves support a conviction under a federal criminal statute but likewise embraces those which would furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime. * * * But this protection must be confined to instances where the witness has reasonable cause to apprehend danger from a direct answer. * * * The witness is not exonerated from answering merely because he declares that in so doing he would incriminate himself—his say-so does not of itself establish the hazard of incrimination. It is for the court to say whether his silence is justified * * *." *Hoffman* at 486, 71 S.Ct. 814, 95 L.Ed. 1118. The rule set forth in *Hoffman* has been expressly adopted by several of our sister districts. See, e.g., *State v. Jeffries* (July 25, 1984), 1st Dist. No. C–830684, 1984 WL 6711, *2–3; *State v. Eddy* (Jan. 27, 1983), 8th Dist. No. 44748, 1983 WL 5719, *1–2; *State v. Sharpnack* (Apr. 9, 1986), 9th Dist. No. 3924, 1986 WL 4343, *1–2.

{¶ 35} In *United States v. Moreno* (C.A.5, 1976), 536 F.2d 1042, the court held that when a witness invokes the privilege against self-incrimination, the trial court cannot accept the witness's claims at face value but must conduct a searching inquiry into the validity and extent of the witness's claim with respect to each challenged question, and that a blanket refusal to answer will not lie. Id. at 1046–1049.

{¶ 36} As noted, an abuse-of-discretion standard applies to the granting or denial of the privilege against self incrimination. *Boothe*, 335 F.3d 522. Thus, the abuse-of-discretion standard applied to the actions of the trial judge in Coffman's trial. As to the trial court's ruling granting Poole's motion to suppress, since the trial court ruled only on issues of law, we review its judgment

under a de novo standard of appellate review. *Djisheff,* 2006-Ohio-6201, 2006 WL 3393344.

{¶ 37} Poole argues that because she testified that the coat Coffman was wearing was hers, the trial court in Coffman's case should have known she would thereafter admit the drugs found in his pocket were hers. She argues that the trial court "should" therefore have advised her of her rights.

{¶ 38} At the suppression hearing, Poole had the burden to prove that the trial judge in Coffman's case abused his discretion by not advising her of her rights. However, the prosecutor stated at the suppression hearing that he had no idea what Poole was going to say at trial. Although he interviewed her prior to her testimony in Coffman's trial, she never told him she was going to say that the methamphetamine found in Coffman's pocket was hers. He thought she was going to testify that Coffman was cooperative and was surprised when the officer found the drugs in his pocket. If the prosecutor did not know what Poole's testimony would be, we fail to see how the judge in Coffman's trial can be required to have anticipated it. This is particularly true since Poole never asserted her Fifth Amendment privilege.

{¶ 39} Poole concedes in her appellate brief that once she testified that the coat was hers, she could have testified that the drugs belonged to Coffman or her. Therefore, her testimony that the coat belonged to her did not, by her own admission, necessarily mean that she was going to say the drugs were hers. Of course, Poole could also have said the drugs belonged to some third person who accidentally or otherwise left the drugs in her coat. Thus, when Poole testified that the coat Coffman was wearing was hers, it did not necessarily follow that she was going to incriminate herself. Poole therefore failed to sustain her burden to prove that the trial judge in Coffman's case abused his discretion in not stopping her testimony to advise her of the privilege against self-incrimination.

{¶ 40} In view of the foregoing analysis, we hold that the trial court in Coffman's case did not abuse its discretion in not advising Poole of her Fifth Amendment rights.

{¶ 41} For the reasons stated in the opinion of this court, it is the judgment and order of this court that the judgment of the Ashtabula County Court of Common Pleas is reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

CANNON, J., concurs.

O'TOOLE, J., dissents.

48

COLLEEN MARY O'TOOLE, Judge, dissenting.

{¶ 42} I respectfully dissent.

{¶ 43} I would affirm the trial court in that I believe that the current indictment is banned by collateral estoppel and is prohibited under the Fifth Amendment and the state and federal prohibitions against double jeopardy.

{¶ 44} The state cannot now come forward and prosecute appellee for the same incident based upon a new admission. It is presumed that when appellee was charged in the original offense, all five counts included jeopardy for complicity on all drugs found in the car and on the co-defendant, Robert Coffman.

{¶ 45} The state had the opportunity to go to trial. It forfeited that opportunity and decided to enter into a plea agreement. It cannot bootstrap that evidence into a new charge arising from that same set of circumstances, pursuant to *State v. Tolbert* (1991), 60 Ohio St.3d 89, 573 N.E.2d 617.

{¶ 46} I would affirm the trial court's decision.