THE STATE OF OHIO, APPELLEE, *v.* POOLE, APPELLANT.

[Cite as *State v. Poole*, 127 Ohio St.3d 1209, 2010-Ohio-4988.]

*Appeal dismissed as improvidently accepted.*

(No. 2009-2110 — Submitted September 14, 2010 — Decided October 20, 2010.)

APPEAL from the Court of Appeals for Ashtabula County, No. 2009-A-0010,

185 Ohio App.3d 38, 2009-Ohio-5634.

————————————

{¶ 1}  The cause is dismissed, sua sponte, as having been improvidently accepted.

PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

BROWN, C.J., dissents.

————————————

**BROWN, C.J., dissenting.**

{¶ 2}  By dismissing this appeal as having been improvidently accepted, the majority expresses its belief that this case presents no substantial constitutional question or question of public or great general interest.  The majority is wrong.

{¶ 3}  This case presents the court with the opportunity to clarify its jurisprudence regarding the Fifth Amendment privilege against self-incrimination, particularly as the privilege relates to codefendant testimony.

{¶ 4}  Poole and her boyfriend, Robert Coffman, were each charged with crimes arising out of the same traffic stop.  Poole pleaded guilty to one of the charges against her, and the other pending charges against her were dismissed.  Poole was advised that by entering a guilty plea, she was waiving her Fifth

Amendment privilege against self-incrimination. Poole was sentenced, and that case was concluded.

{¶ 5} Poole then was subpoenaed—compelled by law—to appear and testify at Coffman's trial by Coffman's counsel. She was placed under oath under penalty of perjury by the trial court. Coffman's counsel questioned Poole regarding the traffic stop, including questions regarding the offenses for which she previously had been told she had waived her Fifth Amendment privilege. The trial court did not advise Poole of her Fifth Amendment privilege against self-incrimination. Poole was not afforded the opportunity before or during her testimony to consult with a lawyer regarding her Fifth Amendment rights. In the course of her testimony, Poole incriminated herself by admitting that the drugs that had been found in Coffman's pocket belonged to her. Based on this admission, the state later charged Poole with possession of methamphetamine.

{¶ 6} In a criminal case, a trial court has a duty to protect the constitutional rights of a witness as well as to ensure the defendant a fair trial. *State v. Schaub* (1976), 46 Ohio St.2d 25, 27-28, 75 O.O.2d 94, 346 N.E.2d 295. Ohio appellate courts have held that this duty includes an affirmative obligation to safeguard a codefendant's constitutional rights by informing him or her of the right against self-incrimination when testifying at the trial of a codefendant. *State v. Oden* (July 21, 1977), Cuyahoga App. No. 36241, 1977 WL 201460; *State v. Carter*, Pickaway App. No. 07CA1, 2007-Ohio-2532, ¶ 15.

{¶ 7} The court of appeals in this case recognized these duties, but applied a narrow definition of "codefendant." The court of appeals limited the definition of "codefendant" to a person who has a pending criminal case arising out of the same criminal transaction as the defendant on trial. *State v. Poole*, 185 Ohio App.3d 38, 2009-Ohio-5634, 923 N.E.2d 167, ¶ 32. Because Poole had pleaded guilty to a charge arising out of the traffic stop and had been sentenced before she testified at Coffman's trial, the court of appeals concluded that she was

2

no longer a codefendant. The court of appeals reasoned that the trial court had no more reason to anticipate that Poole might incriminate herself than it had to believe that any other witness might incriminate himself.

{¶ 8} The court of appeals' narrow definition of "codefendant" appears to be based upon two assumptions. First, a defendant who has pleaded guilty and been sentenced has waived his or her Fifth Amendment privilege and generally is no longer subject to jeopardy. Second, such a defendant is no more likely to be subject to additional charges for events arising out of the underlying criminal activity than any other witness. These assumptions are wrong.

{¶ 9} A plea of guilty to an offense waives the privilege only as to those offenses for which the plea was entered, the defendant was sentenced, and the judgment has become final. *Mitchell v. United States* (1999), 526 U.S. 314, 325-326, 119 S. Ct. 1307, 143 L.Ed.2d 424. A guilty plea does not waive the defendant's privilege as to testimony that might form the basis of additional charges. Id.; see also *United States v. Seavers* (C.A.6, 1973), 472 F.2d 607, 611. Furthermore, the state remains free to charge a defendant with additional offenses arising out of the criminal transaction when these additional offenses were not encompassed by the charges in the initial case. *State v. Tolbert* (1991), 60 Ohio St.3d 89, 573 N.E.2d 617.

{¶ 10} The court of appeals' definition of "codefendant" ignores the significant potential for a witness who has been charged with crimes arising out of the same incident that gave rise to the charges against the defendant on trial to make incriminating statements and to incur additional criminal charges. The court of appeals' reasoning further ignores the likelihood that such a witness will not know that he or she can assert his or her Fifth Amendment privilege. The facts of the case before the court clearly illustrate the shortcomings in the court of appeals' refusal to acknowledge the inherent risk of self-incrimination to a

3

witness when that witness was charged with crimes arising out of the same incident that gave rise to the charges against the defendant on trial.

{¶ 11} The trial court was aware that Poole's presence and testimony in court were not voluntary and that it was Coffman who had compelled her presence and testimony, presumably with the intent to elicit exculpatory testimony. The trial court was aware that Poole had been charged with criminal offenses arising out of the same incident that gave rise to the charges for which Coffman was on trial. The trial court was aware that Poole had entered into a plea agreement regarding the charges against her and had been told that she had waived her privilege against self-incrimination regarding those charges. The trial court was also aware that Poole did not have counsel present at Coffman's trial with whom she could consult regarding her testimony. Given all of these circumstances, the trial court should have recognized the likelihood that Poole was confused regarding her Fifth Amendment rights and might incriminate herself. The trial court's recognition of the need to advise Poole of her Fifth Amendment rights should only have increased as her testimony progressed and her answers increasingly indicated that she likely was going to testify that the drugs that had been found on Coffman belonged to her.

{¶ 12} A witness who has been charged with criminal offenses arising out of the same incident that gave rise to the charges against the defendant on trial is not just another witness. A trial court is on notice before such a witness even takes the stand that there is a greater risk of self-incriminating testimony being elicited, and a trial court should be ready to advise such a witness of his or her Fifth Amendment rights. Therefore, I would hold that when a witness has been charged with criminal offenses arising out of the same events as the defendant on trial, regardless of whether those charges remain pending or not, a trial court has a duty to advise the witness of his or her Fifth Amendment privilege against self-incrimination. I note that, alternatively, the trial court could have protected

4

Poole's constitutional rights by affording her the opportunity to consult with an attorney regarding her rights either before or during her testimony at trial.

{¶ 13} For the foregoing reasons, I would reverse the judgment of the court of appeals and I dissent from the majority's decision to dismiss this case as having been improvidently accepted.

_____

Thomas L. Sartini, Ashtabula County Prosecuting Attorney, and Shelley M. Pratt, Assistant Prosecuting Attorney, for appellee.

Ashtabula County Public Defender, Inc., and Richard R. Danolfo, Assistant Public Defender, for appellant.

Tucker, Ellis & West, L.L.P., and Jon W. Oebker, urging reversal for amicus curiae, Ohio Association of Criminal Defense Lawyers.

_____