[Cite as *State v. Stotridge*, 2013-Ohio-1325.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No. 12CA3306 |
| vs. | : | |
| SHAWN STOTRIDGE, | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

COUNSEL FOR APPELLANT: Aaron M. McHenry, 14 South Paint Street, Ste. 1, Chillicothe, Ohio 45601[1]

COUNSEL FOR APPELLEE: Matthew S. Schmidt, Ross County Prosecuting Attorney, and Jeffrey C. Marks, Ross County Assistant Prosecuting Attorney, 72 North Paint Street, Chillicothe, Ohio 45601

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 2-5-13
ABELE, J.

{¶ 1} This is an appeal from a Ross County Common Pleas Court judgment of conviction and sentence. Shawn Stotridge, defendant below and appellant herein, pled no contest and was found guilty of cocaine possession in violation of R.C. 2925.11. Appellant assigns the following error for review:

"THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS."

_____
[1] Different counsel represented appellant during the trial court proceedings.

{¶ 2}   On the evening of May 5, 2010, Ohio State Highway Patrol Trooper Adam Throckmorton stopped a vehicle for a turn signal violation at the intersection of Charleston Pike and U.S. Route 23.   Josh Ballard drove the vehicle and appellant sat in the front passenger seat. Apparently Ballard admitted to Trooper Throckmorton that because he is on probation, any violation could result in his return to prison.[2]   In an attempt to strike some kind of bargain, Ballard confided to Trooper Throckmorton that he and appellant had recently left appellant's home where he observed drugs, drug paraphernalia and a handgun.   Ballard was apparently assured of favorable treatment if the information proved to be accurate.

{¶ 3}   Trooper Throckmorton prepared an affidavit for a search warrant of appellant's residence.   A local judge then granted the request for a search warrant and, once executed, the search yielded evidence consistent with the information Ballard gave to Throckmorton during their initial conversation.[3]

{¶ 4}   Subsequently, the Ross County Grand Jury returned an indictment that charged appellant with the aforementioned offense.   Appellant pled not guilty and later filed a motion to suppress the evidence seized at his home.   The motion asserted, inter alia, that the search warrant affidavit lacked sufficient indicia that the informant (Ballard) was reliable.

{¶ 5}   At the motion hearing, Trooper Throckmorton testified about the reasons for his conclusion concerning the informant's credibility.   After hearing the evidence and counsels' arguments, the trial court denied the motion to suppress.   Appellant eventually pled no contest to

---

[2]   Ballard chose to operate the vehicle "despite multiple license suspensions."

[3]   The evidence found in appellant's home included, inter alia, drug paraphernalia (a scale), a handgun and evidence of marihuana and crack cocaine.

the charge and the trial court found him guilty and imposed a one year prison term.   This appeal

followed.

**{¶ 6}**   Appellant asserts in his assignment of error that the trial court erred by overruling

his motion to suppress evidence.   Our analysis begins with a recitation of the standard of review.

Appellate review of a decision on a motion to suppress evidence generally involves mixed

questions of law and fact. *State v. Grubb*, 186 Ohio App.3d 744, 930 N.E.2d 380,

2010-Ohio-1265, at ¶12 (3rd Dist.); *State v. Book*, 165 Ohio App.3d 511, 847 N.E.2d 52,

2006-Ohio-1102, at ¶9 (4th Dist.).   In hearing such motions, trial courts assume the role of trier

of fact and are best situated to resolve factual disputes and to evaluate witness credibility. *State v.*

*Roberts*, 110 Ohio St.3d 71, 2006-Ohio-3665, 850 N.E.2d 1168, at ¶100; *State v. Burnside*, 100

Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, at ¶8.   Appellate courts will accept a trial

court's factual findings if competent and credible evidence supports those findings.   *State v.*

*Little*, 183 Ohio App.3d 680, 918 N.E.2d 230, 2009-Ohio-4403, at ¶15 (2nd Dist.); *State v.*

*Medcalf*, 111 Ohio App.3d 142, 145, 675 N.E.2d 1268 (4th Dist. 1996).   However, appellate

courts review de novo a trial court's application of law to those facts. *State v. Higgins*, 183 Ohio

App.3d 465, 917 N.E.2d 363, 2009-Ohio- 3979, at ¶14 (5th Dist.); *State v. Poole*, 185 Ohio

App.3d 38, 923 N.E.2d 167, 2009-Ohio-5634, at ¶18 (11th Dist.).

**{¶ 7}**   In the case sub judice, appellant argues that because the reliability of Ballard's

accusations had not been sufficiently established, insufficient probable cause existed for a

magistrate to issue a search warrant.

**{¶ 8}**   The Fourth Amendment to the United States Constitution protects the rights of

people to be secure in their homes against unreasonable searches and seizures and guarantees that

a search warrant shall not issue except "upon probable cause."   These protections are applicable

to the states through the Fourteenth Amendment Due Process Clause, *Smith v. Maryland*, 442

U.S. 735, 736, 99 S.Ct. 2577, 61 L.Ed.2d 220 (1979); *Mapp v. Ohio*, 367 U.S. 643, 655, 81 S.Ct.

1684, 6 L.Ed.2d 1081 (1961).   Furthermore, Section 14, Article I, of the Ohio Constitution

offers the same protections.   *State v. Johnson*, 4th Dist. No. 06CA36, 2007-Ohio-4158 at ¶8;

*State v. Jaeger*, 4th Dist. No. 92CA30, 1993 WL 248605 (Jul. 9, 1993).

{¶ 9}   To determine the sufficiency of "probable cause" in an affidavit submitted in

support of a search warrant, an issuing magistrate must make a practical, common-sense decision

whether, in light of all the circumstances set forth in the affidavit, including the veracity and the

basis of knowledge of those persons who provide hearsay information, a fair probability exists

that contraband or evidence of a crime will be found in a particular place. *Illinois v. Gates*, 462

U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); also see *State v. Garner*, 74 Ohio St.3d

49, 62, 656 N.E.2d 623 (1995); *State v. George*, 45 Ohio St.3d 325, 544 N.E.2d 640, paragraph

one of the syllabus (1989).   Moreover, an affidavit in support of a search warrant enjoys a

presumption of validity. *State v. Jones*, 90 Ohio St.3d 403, 412, 739 N.E.2d 300 (2000); *State v.

Ralston*, 4th Dist. No. 06CA2898, 2007-Ohio-177, at ¶23.   When reviewing such affidavits, trial

and appellate courts must afford great deference to the magistrate's probable cause determination

and doubtful or marginal cases should be resolved in favor of upholding the warrant. *George*,

supra, at paragraph two of the syllabus; *State v. Sheppard*, 84 Ohio St.3d 230, 236, 703 N.E.2d

286 (1998); *State v. Kinney*, 83 Ohio St.3d 85, 96, 698 N.E.2d 49 (1998).

{¶ 10}  In the case sub judice, Trooper Throckmorton's affidavit explicitly states that he

found Ballard "trustworthy" because "[f]rom the point of the stop to the creation of this affidavit

the informant has not lied about his license or criminal history." In other words, because the informant was truthful about his own wrong-doing, the Trooper believed him to be truthful about appellant's wrong-doing.

{¶ 11} Appellant counters that Ballard "was likely truthful" because he knew Trooper Throckmorton could retrieve this information from a computer database. Ballard did not testify, however, and we do not know what he may have known about Patrol resources. Moreover, as the trial court noted at the hearing, we should not second-guess the issuing magistrate on the basis of arguable "likely" knowledge.

{¶ 12} Appellant also challenges Trooper Throckmorton for trusting an admitted criminal wanting to avoid additional prison time and "willing to say anything to make sure that happened." We, however, believe that this fact strengthens Ballard's credibility because he recognized that he could be returned to prison if he was not truthful. This is a powerful inducement for a person to be truthful. Trooper Throckmorton testified, in essence, that he told Ballard that he would not file charges against him if Ballard told the truth.[4] While it may have been preferable to include this information in the affidavit, the Trooper did specify for the issuing magistrate that "[t]he informant is also trying to clear his name and start a new life so he does not go back to prison." This sentence conveyed to the magistrate Ballard's strong incentive to be truthful in his accusations against appellant.

{¶ 13} We also point out that Ballard is not an anonymous nor a confidential informant. Obviously, Ballard, a passenger in appellant's vehicle, was an acquaintance of appellant. Thus,

---

[4]Because Ballard's information was found to be true, Trooper Throckmorton did not issue a citation or file any charges against Ballard.

the truthfulness and veracity issues that typically arise in anonymous tip cases or confidential informant cases are not present here.   The affidavit also indicates that appellant and Ballard were together when Trooper Throckmorton stopped Ballard's car.   This, too, supports Ballard's credibility because they had just come from appellant's home where Ballard witnessed the drugs and paraphernalia.   This is not a situation of an informant's information too remote in either time or place.   Rather, the informant's veracity and basis of knowledge is highly relevant in determining the value of the information.

{¶ 14}  Additionally, although not set forth in the affidavit, another officer took Ballard to appellant's residence to verify the address to be included on the search warrant.   Ballard knew appellant's residence and corroborates the fact that he had been to the home on previous occasions.   This, again, is not part of the Trooper's affidavit, but may have been communicated to the issuing magistrate at the time the affidavit was delivered and bolstered the finding that the informant was credible.

{¶ 15}  In view of the totality of these circumstances, we agree with the trial court's conclusion and believe that sufficient evidence exists to establish Ballard's reliability and, thus, to establish probable cause for the warrant.   We reach the same conclusion as the trial court and in so doing afford great deference to the issuing magistrate to uphold the warrant's validity.

{¶ 16}  For all these reasons, we find no error in the trial court's decision to overrule the motion to suppress evidence.   Thus, we hereby overrule appellant's assignment of error and affirm the trial court's judgment.

                                                                        JUDGMENT AFFIRMED.

[Cite as *State v. Stotridge*, 2013-Ohio-1325.]

## JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Kline, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.