[Cite as *White v. Emmons*, 2012-Ohio-2024.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY


MICHAEL WHITE, et al.,

                                  :

    Plaintiffs-Appellants,               Case No.   11CA3438

                                  :

    vs.

                                  :

BRENDA EMMONS et. al.,         DECISION AND JUDGMENT ENTRY    :


    Defendants-Appellees.
_____

APPEARANCES:

COUNSEL FOR APPELLANTS:     Marie Moraleja Hoover, and R. Tracy Hoover, 621 Seventh
                                        Street, Portsmouth, Ohio 45662

COUNSEL FOR APPELLEES,      Lynn Alan Grimshaw, 8055 Hayport Road,
BRENDA, JEFFREY &             Wheelersburg, Ohio 45694
CHARLES EMMONS, JR.:

COUNSEL FOR APPELLEES,      James Scott Smith, 538 Sixth Street,
ALBERT & JOANNA HYLAND:   Portsmouth, Ohio 45662
_____

CIVIL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 4-30-12

ABELE, P.J.

    **{¶ 1}**   This is an appeal from a Scioto County Common Pleas Court judgment in favor of

Brenda Emmons, Jeffrey Emmons and Charles Emmons, Jr. and Albert and Joanna Hyland,

defendants below and appellees herein, on the claims brought against them by Michael and

Beulah White, plaintiffs below and appellants herein.

{¶ 2}   Appellants assign the following error for review:

"THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN
IT DECIDED AND ORDERED THAT THE APPELLEES
ESTABLISHED AN EASEMENT BY PRESCRIPTION AND AN
EASEMENT BY ESTOPPEL OVER APPELLANT'S
PROPERTY." (Footnote omitted.)

{¶ 3}   The parties are contiguous landowners.   The center of the dispute is a strip of land known as "Lute Road" that crosses appellants' property and appellees use to access their land from Conley Road.   Appellants commenced the instant action and alleged that appellees' use of "Lute Road" amounted to trespass over their property.[1]   Appellants asked, inter alia, that title to that area be quieted in their favor and for $25,000 in damages.   Appellees denied liability.

{¶ 4}   Appellees also filed counterclaims that alleged various theories by which either they, or their predecessors in title, established an easement over "Lute Road."   They asked the trial court to recognize, or "establish," the easements over the servient estate, together with $25,000 in damages as well as a permanent injunction that bars appellants from interfering with the easement's use.   Appellants denied liability arising from the counterclaims.

{¶ 5}   At the bench trial appellants both testified that when they purchased the land in 1981, Lute Road did not exist.   Also, two friends who accompanied Appellant Michael White on hunting trips at the property also testified they did not see any roadway.   Still, appellants' acknowledged that (1) their deed referred to Lute Road in the property description, and (2) their own surveyor, Mike Crabtree, identified Lute Road from a map dated 1917.[2]   Appellees,

---

[1]   The Hylands were not originally part of this action.    Allen and Kelly Wooten were named defendants in the first complaint, but in 2008, sold their interest in the property to the Hylands who then became parties.

[2]   It appears from the trial transcript that references to Lute Road appear only in appellants' chain of title, not in the

however, called a number of witnesses who testified that Lute Road existed for almost a century and in the same location it now exists.

{¶ 6}   Despite many references to the right-of-way as a "road" or "roadway," both in deeds and witness testimony, the trial court found no evidence in the chains of title to establish that an express easement was granted over appellants' property.   As to claims of easement by necessity, the court found that the evidence adduced at trial did not support such a claim for any of the appellees.   The court did, however, find that the Hylands established an easement by adverse possession as the evidence adduced at trial showed continual use of Lute Road by the Hylands' predecessors in title "for over sixty years."   No such use was established as to the Emmons's property, the trial court ruled, thus they could not establish an easement by prescription.   Nevertheless, evidence was adduced at trial to show that appellants either encouraged, or at least permitted, both sets of appellees to expend monies to maintain Lute Road and appellants communicated back and forth with the parties in such a way as to represent to appellees, or their predecessors in title, they had an easement over appellants' property.   The court concluded that this evidence was sufficient to establish an easement by estoppel over the servient estate for both the Emmonses and Hylands.

{¶ 7}   The trial court's entry did not make reference to appellees' demands for compensatory damages or permanent injunction against appellants.   The court did, however, find "no just cause for delay."   We dismissed an appeal taken from that judgment for lack of jurisdiction because the trial court did not rule on all of the remedies appellees requested.   White v. Emmons, Scioto App. No. 10CA3340, 2011-Ohio-1745, at ¶¶8&10.

---

chains of any of the appellees.

**{¶ 8}**   On July 11, 2011, the trial court entered a second judgment and found no evidence to support an award for money damages to "defendants."[3]   The court then issued a permanent injunction that bars appellants from interfering with appellees' rights to use the roadway.[4]   This appeal followed.

**{¶ 9}**   In their assignment of error, appellants assert that the trial court erred "as a matter of law" in finding that appellees established their respective easements.   We disagree.   To the extent appellants argue that the trial court misinterpreted the law, we review its decision *de novo.* In other words, we afford no deference whatsoever to the trial court and instead conduct our own, independent review.   See State v. Browning, 190 Ohio App.3d 400, 942 N.E.2d 394, 2010-Ohio-5417, at ¶13; State v. Poole, 185 Ohio App.3d 38, 923 N.E.2d 167, 2009-Ohio-5634, at ¶18.   For the most part, however, the arguments in appellants' brief argue that the trial court misinterpreted the evidence. To the extent appellants challenge the trial court as trier of fact, we will not reverse the decision if supported by some competent, credible evidence. See Shemo v. Mayfield Hts. (2000), 88 Ohio St.3d 7, 10, 722 N.E.2d 1018; C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, at the syllabus.   This standard of review is highly deferential and even "some" evidence is sufficient to support the trial court's judgment and to prevent a reversal.   Barkley v. Barkley (1997), 119 Ohio App.3d 155, 159, 694 N.E.2d 989; Willman v. Cole, Adams App. No. 01 CA725, 2002-Ohio-3596, at ¶24.   When a court reviews a

---

[3]  The July 11, 2011 judgment explicitly discusses the monetary damages the Hylands requested, but did not mention the $25,000 in damages sought by the Emmons' in their January 9, 2009 counterclaim.     Still, we interpret the court's generalized use of the term "defendants," in the entry as resolving all of the demands for damages appellees advanced.

[4]  The trial court issued a nunc pro tunc judgment to same effect on August 12, 2011.

decision that establishes the existence of an easement, this is the standard typically applied. See

e.g. <u>McCumbers v. Puckett</u>, 183 Ohio App.3d 762, 918 N.E.2d 1046, 2009-Ohio-4465, at ¶13;

<u>Cadwallader v. Scovanner</u>, 178 Ohio App.3d 26, 896 N.E.2d 748, 2008-Ohio-4166, at ¶9.


**{¶ 10}** Quite frankly, the easiest method to resolve this case, both on appeal and in the

trial court, would be to find an easement by prescription.   The uncontroverted evidence at trial is

that no dedicated easement exists over appellants' land.   However, abundant evidence also

revealed that Lute Road existed as early as 1917 and continued in its same location until today.

Many witnesses testified that Lute Road existed, and was used, far longer than the period

necessary to establish a prescriptive easement.   David Wilson, a former township trustee,

testified that he is sixty three years old and Lute Road had "always been there and it was there

before I was even born probably."   Seventy eight year old Ray Lute testified that his family

moved to the area in 1939 and used Lute Road to access that farm until 1953 when they

presumably left the area.   Carolyn Hobbs's family bought the Lute property and continued to use

Lute Road to access their land during the 1970s, 1980s and 1990s.   James McClary confirmed

this when he testified that he was "positive" the road was there into the 2000s.   Appellee Joanna

Hyland affirmed that she and her husband used Lute Road to access their home since their 2008

purchase.   She further affirmed that no other access exists to her home.

**{¶ 11}** The elements of a prescriptive easement claim are similar to those for adverse

possession.   In other words, those who seek the easement must demonstrate, by clear and

convincing evidence, the open, notorious, adverse, and continuous use of the easement for a

twenty-one year period. <u>Dunn v. Ransom</u>, Pike App. No. 10CA806, 2011-Ohio-4253, at ¶77;

also see e.g. Cadwallader, supra at ¶¶55-58; McDowell v. Zachowicz, Ashtabula App. No.

2010–A–0033, 2011-Ohio-3626, at ¶15.   In light of the testimony we previously discussed, we

conclude that more than sufficient evidence established the use of Lute Road for twenty-one

years, and indeed, even much longer than the stated time requirement.

{¶ 12} We recognize that appellants (1) testified that they saw no evidence of a road

when they purchased the property, and (2) produced additional witnesses who also saw no

evidence of the road when they hunted on the land.   Nevertheless, the trial court is in the best

position to view the witnesses, to observe their demeanor, gestures, and voice inflections and to

use those observations to weigh witness credibility.   See Seasons Coal Co. v. Cleveland (1984),

10 Ohio St.3d 77, 80, 461 N.E.2d 1273; Jones v. Jones, Athens App. 07CA25, 2008-Ohio-2476,

at ¶18.   The trial court, sitting as the trier of fact, is free to believe all, part or none of the

testimony elicited from the witnesses who appeared before it.   See generally, Mahajan v. State

Med. Bd. of Ohio, Franklin App. Nos. 11AP–421, 11AP–422, 2011-Ohio-6728, at ¶45;

Sandusky v. Nuesse, Erie App. No. E–10–039, 2011-Ohio-6497, at ¶70; Cireddu v. Clough, No.

2010-L-008, 2010-Ohio-5401, at ¶26.   After our review of the evidence adduced at trial, we

conclude that sufficient evidence supports the trial court's finding of a prescriptive easement in

favor of the Hylands.[5]

{¶ 13} Our review of the evidence also leads us to conclude that sufficient evidence

---

[5] We are particularly inclined to give deference to the trial court because during the testimony the parties oftentimes referred to plat and aerial maps.    Although counsel made frequent references to "Lute Road," the transcript also makes reference to "the road," "the lane" or the "driveway" and it is unclear to us whether the witnesses referred to Lute Road or to something else.    Given that the trial court could both observe their testimony, as well as the map(s) to which they referred, we presume the court's findings are correct.

supports a finding of a prescriptive easement for the Emmonses.   Appellee Charles Emmons, Jr. testified that his father purchased property off Lute Road in 1939 (and he acquired it in 1992) and had always used Lute Road to get from Conley Road to his farm.   The trial court apparently rejected that testimony, however, and did not find a prescriptive easement for these other appellees.   We respect that finding because we did not observe the witnesses.   Nevertheless, the trial court did find the existence of evidence sufficient to establish that the Emmons's could claim easements by estoppel and we believe that sufficient evidence supports that finding.

{¶ 14}  An easement by estoppel may be found if a real estate owner   misleads or causes another, in any way, to change the other's position to his or her prejudice. See Johnson v. Waterville Gas & Oil Co., Lucas App. No. No. L-08-1143, 2009-Ohio-4061, at ¶13; Jenkins v. Guy, Lawrence App. No. 03CA34, 2004-Ohio-4254, at ¶20; Schmiehausen v. Zimmerman, Ottawa App. No. OT-03-027, 2004-Ohio- 3148, at ¶21.   The owner of the servient estate need not perpetrate an actual fraud or misrepresentation to be estopped from denying an easement.   If that landowner, without objection, permits another to expend money in reliance upon the existence of an alleged easement, when in justice and equity the former ought to have asserted his conflicting rights, he is estopped to deny the easement.   Jenkins, at ¶20; Nichols v. Shuff (Mar. 20, 1986), Lawrence App. No. 1761.

{¶ 15}  Joyce Galloway, who purchased land off of Lute Road in 1983 or 1984, affirmed that her husband (now deceased) "took months" and "spent tens of thousands of dollars" to make improvements to Lute Road.   David Wilson testified that sometime in the 1990s, Jeff Emmons paid him $25 per hour to do grading on Lute Road.   Former defendant Allen Wooten testified that he spent $1,430 to purchase gravel and lay it along Lute Road.   More important, the witness

related that while doing so, appellant "Mr. White came up and shook my hand and told me that the road really needed this gravel[.]"   Jeff Emmons also related that, on one occasion appellants contacted him about a clogged ditch around Lute Road and he "went down to clean the leaves out of the ditch."   The Hylands testified that they spent over $700 for gravel to improve Lute Road.

{¶ 16} If appellants truly believed that Lute Road was their property, and those that used the road did so with a mere license, they had a duty to make that fact known to appellees and others through the years.   They did not.   By acquiescing to various appellees expending time and money on the road's upkeep over the years, the trial court could reasonably determine that appellants should be estopped from challenging the claimed easement now, at this late date.   Thus, we find sufficient evidence to support the trial court's finding of easements by estoppel.

{¶ 17} For all these reasons, we overrule appellant's assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellees recover of appellants costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.

Harsha, J. & McFarland, J.: Concur in Judgment & Opinion
For the Court


BY:_____

Peter B. Abele
Presiding Judge


NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.