[Cite as *Clark v. Butler*, 2012-Ohio-5618.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

WAYNE W. CLARK, et al.,

      Plaintiffs-Appellees,

      vs.

KATHLEEN L. BUTLER, et. al.,

      Defendants-Appellants.

:

:

:

:

Case No.   12CA3315

DECISION AND JUDGMENT ENTRY

_____

APPEARANCES:

COUNSEL FOR APPELLANTS:   James K. Cutright, Cutright & Cutright, LLC, 76 West Second Street, Chillicothe, Ohio 45601

COUNSEL FOR APPELLEES:   Thomas M. Spetnagel, 42 East Fifth Street, Chillicothe, Ohio 45601

CIVIL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 11-28-12
ABELE, P.J.

{¶ 1} This is an appeal from a Ross County Common Pleas Court judgment in favor of

Wayne Clark and Cheryl Clark, plaintiffs below and appellees herein, on their claims against

Kathleen Butler and Butler Events, LLC, defendants below and appellants herein.

{¶ 2} Appellants assign the following errors for review:

FIRST ASSIGNMENT OF ERROR:

"IN THE MAY 7, 2010, DECISION AND JUDGMENT ENTRY,
THE TRIAL COURT'S FINDING THAT APPELLANTS DID

NOT HAVE AN EASEMENT FOR THE USE OF THE
COMMON SEWERAGE SYSTEM WAS AGAINST THE
MANIFEST WEIGHT OF THE EVIDENCE."

SECOND ASSIGNMENT OF ERROR:

"IN THE MAY 7, 2010, DECISION AND JUDGMENT ENTRY,
THE TRIAL COURT'S FINDING THAT APPELLANTS DID
NOT HAVE AN EASEMENT FOR THE USE OF THE
COMMON SEWERAGE SYSTEM WAS CONTRARY TO
LAW."

**{¶ 3}** Helen Davis lived on ten acres of land where she also operated an auction

business.   After her death, the property was divided into smaller parcels and sold.   Appellees

acquired approximately five acres of that land in August 2006.   The following month, Appellant

Kathleen Butler acquired a contiguous acre and a half.   Butler transferred that land to her

business, Appellant Butler Events, LLC, in January 2007.

**{¶ 4}** The dispute in this case centers around the use of a septic system and leach field.

Appellees' residence has a septic system with a discharge pipe that empties into a leach field

located in whole, or in part, on appellant's land.   Shortly after she acquired her parcel, Kathleen

Butler asked appellees if she could tap into the septic system.   Appellees denied her request.

Apparently in retaliation, Butler cut appellees' discharge pipe from the leach field.

**{¶ 5}** Appellees commenced the instant action on September 7, 2007 and alleged that

appellants interfered with an easement for their use of the septic system.   Appellants denied

liability and asserted several counterclaims, including a declaratory judgment to recognize that

appellant has an easement to use the septic system on appellees' property.   Appellees denied

liability on the counterclaims.

{¶ 6}   The court originally scheduled a bench trial, but the parties instead opted to submit the case on stipulations of fact.   On May 7, 2010, the trial court issued its decision and judgment in favor of the appellees and granted a declaratory judgment to use the leach field on appellants' property.   The court found "no just reason for delay" and scheduled a hearing on the damage issue.   Later, appellees dismissed their "claims" for damages.   On September 30, 2010, the trial court filed an entry denoted as a "Final Appealable Order" and repeated that it had granted declaratory judgment to the appellees and enjoined the appellants from interfering with appellees' use of the "leach field."   The court also ruled against appellants on their counterclaims.

{¶ 7}   Appellees filed an appeal from that judgment, but we dismissed the appeal for the lack of a final, appealable order because the trial court did not resolve appellees' "claim" for repair of damage inflicted to the septic system. Id. at ¶¶5&12.   See *Clark v. Butler*, 4th Dist. No. 10CA3191, 2011-Ohio-4943.   On February 8, 2012, the trial court filed a second entry and repeated its finding for appellees and dismissed any remaining claims wherein they sought "any additional relief, equitable or otherwise. . ."   This appeal followed.

{¶ 8}   We first consider, out of order, appellant's second assignment of error wherein they argue that the trial court erred by ruling that it had no easement to use "the common sewerage system."   We disagree with appellant.

{¶ 9}   At the outset, we note that the parties stipulated to the relevant facts and our review of the trial court's application of the law to those facts is de novo. See *Wertz ex rel. Boyer v. Indiana Ins.*, 9th Dist. No. 21571, 2003-Ohio-5905, at ¶4; *Wayne Mut. Ins. Co. v. Parks*, 9th

Dist. No. No. 20945, 2002-Ohio-3990, at ¶13; *Cincinnati Ins. Co. v. Slutz*, 5th Dist. No.

CA-7109, 1987 WL 18538 (Oct. 13, 1987).   In other words, we afford no deference to the trial

court and conduct our own independent review. *State v. Browning*, 190 Ohio App.3d 400,

2010–Ohio–5417, 942 N.E.2d 394, at ¶13 (4th Dist.); *State v. Poole*, 185 Ohio App.3d 38,

2009–Ohio– 5634, 923 N.E.2d 167, at ¶18 (11th Dist.); *White v. Emmons*, 4th Dist. No.

11CA3438, 2012-Ohio-2024, at ¶9.   After our review in the case sub judice, we reach the same

conclusion as did the trial court.

        The fiduciary deed to the five acre tract (appellees' land) contains the following language:
"The 4.890-acre tract conveyed herein is <u>subject to</u> an easement for the installation and
maintenance of a leach/sewerage discharge pipeline <u>granted herein from the adjacent 1.577-acre
tract</u>." (Emphasis added.)   As the trial court correctly noted, the word "subject" connotes a
servient estate.[1]   Its use in appellees deed offers a degree of explanation for appellants'
argument.   After all, given the close wording of the two fiduciary deeds, appellants' land would
be the reasonable option to be the dominant estate.   However, we believe the word "subject" in
this context is no more than a drafting error.   The end of the above quoted sentence makes it
clear that the easement is granted "from" the 1.577 acre parcel owned by appellant.   Similarly,
when the 1.577 acre tract was conveyed to Butler, the deed contained the following language:
"The 1.577 acre tract is <u>subject to an easement</u> for the installation and maintenance of a leach
sewerage discharge pipeline <u>granted to</u> the adjacent 4.890 acre tract."   (Emphasis added.)   The
language is clear that (1) appellant's property will be the servient estate, and (2) the easement is
"granted to" the dominant estate now owned by appellees.

        **{¶ 10}** The construction of written instruments, including deeds, is generally a question

of law, *Long Beach Assn., Inc. v. Jones*, 82 Ohio St.3d 574, 576, 697 N.E.2d 208 (1998); *DeRosa*

*v. Parker*, 7th Dist. No. 10MA84, 2011–Ohio–6024, at ¶8, to which we apply a de novo standard.

*Salyer v. Newman*, 4th Dist. 1CA4, 2011–Ohio–6676, at ¶ 16; *Sickles v. Jackson Cty. Hwy. Dept.*,

4th Dist. No. 11CA7, 2011–Ohio–6102, at ¶ 18.   Deeds should be construed to reflect the intent

of the parties.   When a deed's language is clear and unambiguous, courts need look no further to

---

[1]   See *Black's Law Dictionary* 1278 (5th Ed. 1979) "subject to" means "subordinate, subservient . . ."

determine the parties' intent.    See, generally, *Esteph v. Grumm*, 175 Ohio App.3d 516, 2008-Ohio-1121, 887 N.E.2d 1248 at ¶10 (4th Dist.); *Hurst v. Baker*, 4th Dist. No. 96CA07, 1997 WL 215767 (Apr. 18, 1997).    The deed language is simply construed as written.

**{¶ 11}** Admittedly, in the case sub judice the use of the phrase "subject to" in the deed to the appellees is confusing.    Nevertheless, we do not believe, as did the trial court, the language rises to the level of an ambiguity.    Appellees' deed makes clear that the easement is "granted from" appellant's tract.    Appellants' deed makes clear that an easement is "granted to" appellees property.    There is no language in either deed that grants a reciprocal easement from appellees' land to appellant's property.

**{¶ 12}** Accordingly, based upon our review we (1) find no error in the trial court's ruling against appellants on their counterclaim and we overrule appellants' second assignment of error; (2) disregard appellants' first assignment of error as moot pursuant to App.R. 12(A)(1)(c);[2] and (3) affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the trial court's judgment be affirmed and that appellees recover of appellants costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

---

2 Because this case was decided on stipulated facts, it does not lend itself to a "manifest weight of the evidence" standard of review.    In any event, the language from the two deeds, which were stipulated, is sufficient to support the trial court's decision.

It is ordered that a special mandate issue out of this Court directing the Ross County

Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.

Kline, J. & McFarland, J.: Concur in Judgment & Opinion
        For the Court

BY:_____

Peter B. Abele
Presiding Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.