[Cite as *Brown v. Gallagher*, 2013-Ohio-2323.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| JOHN G. BROWN, | : | |
| | : | |
| Plaintiff-Appellant, | : | Case No. 12CA3332 |
| | : | |
| vs. | : | |
| | : | DECISION AND JUDGMENT |
| JASON GALLAGHER, | : | ENTRY |
| | : | |
| Defendant-Appellee. | : | **Released: 05/31/13** |

_____
APPEARANCES:

James T. Boulger, Chillicothe, Ohio, for Appellant John G. Brown.

Thomas M. Spetnagel, Chillicothe, Ohio, for Appellee Jason Gallagher.


_____

McFarland, P.J.

{¶1} John G. Brown (Plaintiff-Appellant herein) appeals the decision of the Chillicothe Municipal Court dismissing his complaint which sought a contractual right of indemnification from Appellee. Having reviewed the record, we find the trial court's judgment was not in error. Accordingly, we overrule Appellant's assignment of error and affirm the judgment of the trial court.

FACTS

{¶2} We recount the facts as previously set forth in the first consideration of this matter, *Brown v. Gallagher,* 179 Ohio App.3d 577, 2008-Ohio-6270. In 2002, Appellant's vehicle collided into Appellee in Union Township, Ross County. At the time, Appellee was employed as a deputy sheriff with the Ross County Sheriff's Department. As a result of injuries he sustained in the incident, Appellee brought a civil suit against Appellant. Before the case came on for trial, the parties entered into a settlement agreement. As part of that agreement and in consideration of $87,500.00, Appellee executed a document entitled "Release of All Claims," in which he agreed to indemnify Appellant for "any and all claims, liability, and expense, including attorney fees, for any claim or demand of any party, and any claim or demand of any third party" resulting from the auto collision. The dispute in this case centers around the indemnification agreement.

{¶3} Subsequent to the civil settlement, Appellant pleaded guilty to a charge of vehicular assault in the criminal case stemming from the same auto collision. Appellant was sentenced to 17 months in prison, though he was granted judicial release after serving only two. As part of Appellant's sentence, he was further ordered to pay $7,923.44 in restitution to the Ross

County Sheriff's Department for leave payments the department had made to Appellee during his convalescence. [1]

{¶4} As a result of being ordered to pay restitution in the criminal case, Appellant filed a complaint against Appellee in the Chillicothe Municipal Court for $7,923.44, based on the indemnification clause of the civil settlement agreement. Appellee then filed a motion to dismiss the complaint for failure to state a claim for which relief can be granted pursuant to Civ. R. 12(B). Appellant failed to respond to the motion. The trial court subsequently granted Appellee's Civ.R.12(B) motion and dismissed the complaint.

{¶5} Appellant filed a timely appeal of the trial court's decision. This court agreed with Appellant's argument that the trial court erred in granting Appellee's Civ.R. 12(B) motion for failure to state a claim for which relief can be granted and sustained Appellant's assignment of error. Our decision further noted there is no clear public policy in Ohio preventing the enforcement of the indemnification clause at issue. The case was remanded for further proceedings.

---

[1] As noted in *Brown v. Gallagher I:* "[Due] to a change in the law, the kind of restitution order that gave rise to[ that appeal, and this one as well,] is no longer likely to occur. The statutory authority allowing a trial court to include an order of restitution during sentencing is found in R.C. 292918(A)(1). At the time of Appellant's vehicular assault, R.C. 2929.18(A)(1) specifically provided that courts could order the offender to reimburse third parties for amounts paid to the victim. However, on June 1, 2004, the statute was amended and the references to third-party restitution were largely eliminated."

{¶6} On January 14, 2011, Appellant re-filed his complaint for indemnification.[2] Appellee filed a timely answer. Eventually the parties filed a stipulation of facts for the trial court's review in rendering a final adjudication on the merits. The parties supplemented their factual stipulation with exhibits containing the various court entries in order to make them part of the evidentiary record. On June 11, 2012, the trial court issued its decision dismissing the case. The trial court found Appellant had failed to establish entitlement to recover from Appellee based on: (1) his failure to provide Appellee notice of the claim for restitution, and (2) Appellant's failure to provide Appellee an opportunity to defend against the claim for restitution. As a result, the current timely appeal ensued.

### ASSIGNMENT OF ERROR

I.    THE TRIAL COURT ERRED IN DENYING TO MR. BROWN HIS CONTRACTUAL RIGHT TO INDEMNIFICATION PROVIDED IN THE AGREEMENT WHICH SETTLED MR. GALLAGHER'S TORT CLAIMS AGAINST HIM.

### A. STANDARD OF REVIEW

{¶7} Review of a trial court's application of the law to stipulated facts is de novo. *Clark v. Butler,* 4th Dist. No. 12CA3315, 2012-Ohio-5618, at ¶ 9; see *Wertz ex rel. Boyer v. Indiana Ins.,* 9th Dist. No. 21571, 2003-

---

[2] For reasons not entirely clear, Appellant voluntarily dismissed his complaint after the appellate court's remand.

Ohio-5905, at ¶ 4; *Wayne Mut. Ins. Co. v. Parks,* 9th Dist. No. 20945, 2002-Ohio-3990, at ¶ 13; *Cincinnati Ins. Co. v. Slutz,* 5th Dist. No. CA-7109, 1987 WL 18538 (Oct. 13, 1987).  In other words, we afford no deference to the trial court and conduct our own independent review.  *Clark,* supra, citing *State v. Browning*, 190 Ohio App.3d 400, 2010-Ohio-5417, 942 N.E.2d 394, at ¶ 13 (4th Dist.); *State v. Poole,* 185 Ohio App.3d 38, 2009-Ohio-5634, 923 N.E.2d 167, at ¶ 18 (11th Dist.); *White v. Emmons,* 4th Dist. No. 11CA3438, 2012-Ohio-2024, at ¶ 9.  Upon review of the case sub judice, we reach the same conclusion as did the trial court.

ASSIGNMENT OF ERROR I

{¶8}  Appellant seeks enforcement of the indemnification clause contained in the Release of All Claims Appellee signed in settlement of the bodily injury suit underlying this action.  Appellant contends the issues arise only from the four corners of the release and indemnity clause.  Appellant further contends *Globe Indemn. Co. v. Schmitt,* 142 Ohio St. 595, 53 N.E. 2d 790 (1944), is inapplicable to these facts.  In Appellant's "Conclusion" to his brief, he asserts:  "The trial court erred in applying the *Globe* requirements for voluntary settlements to the restitution order."  In doing so, Appellant mischaracterized the trial court's application of the general indemnification principles cited in *Globe.* We find the trial court did not err in its application

of the *Globe* requirements to the release and indemnification clause on which Appellant bases his claim. We begin our analysis with a review of the general principles of indemnification contained in *Globe* and other Ohio cases.

## B. LEGAL ANALYSIS

**{¶9}** "Indemnity shifts the entire loss from one who has been compelled to make payment to the plaintiff to another who is deemed responsible for reimbursing the full amount. The right to indemnity exists when the relationship between the parties requires one to bear the loss for the other. This right may arise from common law, contract, or in some cases, statutes. When a judgment is obtained against the indemnitee, and indemnitor who has been given proper notice and an opportunity to defend the action falls in that class of non-parties who are bound by the outcome." *Portsmouth Insurance Agency v. Medical Mutual of Ohio*, 188 Ohio App.3d 111, 2009-Ohio-941, 943 N.E.2d 940, ¶ 16; *Blair v. Mann,* 4th Dist. No. 98CA35, 1999 WL 228265 (Apr. 8, 1999).

**{¶10}** Indemnity agreements must be interpreted in the same manner as other contracts. *Portsmouth Insurance Agency,* at ¶ 18. See also *Worth v. Aetna Cas.& Sur. Co.,* 32 Ohio St. 3d 238, 240, 513 N.E. 2d253 (1987). The nature of an indemnity relationship is determined by the intent of the

parties as expressed by the language used. *Portsmouth Insurance Agency*, ¶ 18. See also *Cleveland Window Glass & Door Co. v. National Surety Co,* 118 Ohio St. 414, 161 N.E. 280 (1928). All words used must be taken in their ordinary and popular sense, *Glaspell v. Ohio Edison Co.,* 29 Ohio St. 3d 44, 47, 505 N.E. 2d 264, 267, and "[w]hen a * * * [writing] is worded in clear and precise terms; when its meaning is evident, and tends to no absurd conclusion, there can be no reason for refusing to admit the meaning which * * *[it] naturally presents." *Portsmouth Insurance Agency* at ¶ 18 citing *Lawler v. Burt,* 7 Ohio St. 340, 350 (1857); Id at 240-241, 513 N.E.2d 253.

{¶11} "When an indemnitor expressly agrees to indemnify an indemnitee except in certain specified instances, and it is determined that the exceptions do not pertain, the indemnitor is obligated to indemnify the indemnitee under the terms of the agreement." *Portsmouth Insurance Agency* at ¶ 18 citing *Allen v. Standard Oil Co.,* 2 Ohio St. 3d 122, 443 N.E. 2d 497 (1982), paragraph one of the syllabus. Id. at 241, 513 N.E.2d 253.

{¶12} In the case at bar, Appellant's right to indemnity arises from the following language contained in the Release of All Claims:

> It is further understood and agreed that the undersigned will indemnify and hold harmless the above-named persons or parties and their insurers, successors, and assigns from any and all claims, liability , and expense, including attorneys' fees, for any claim or demand of any party, and any claim or demand of any third party, including those claiming consortium of any

type or those claiming subrogation rights arising out of payments made to the undersigned individually, in a representative capacity, or on behalf of the undersigned as a result of the occurrence set forth herein. It is further understood that Plaintiff agrees to satisfy any and all liens, including but not limited to the Ohio Bureau of Worker's Compensation, arising from the claim on behalf of the plaintiff out of the settlement proceeds.  It is further understood and agreed that the monies paid by Nationwide Mutual Insurance Company on behalf of John G. Brown's settlement of Plaintiff's claims, pursuant to this agreement, represent all sums due and owing to Plaintiff, including interest from the date of the agreement to the settlement to the date indicated below.

{¶13}  The language contained in the terms of the release and indemnification clause at issue here clearly set forth a right to pursue a claim for indemnification.  However, under the general principles of indemnification, there are other considerations which Appellant asked the trial court, and now this court, to ignore.  The Supreme Court of Ohio has stated that when an indemnitee settles a claim, instead of litigating it, the indemnitee is entitled to indemnification if the indemnitee shows (1) that the indemnitee has given proper and timely notice to the party from whom indemnity is sought, (2) that the indemnitee was legally liable to respond to the settled claim, and (3) that the settlement was fair and reasonable. *Portsmouth Insurance Agency* at ¶ 19, citing *Globe Indemn. Co. v. Schmitt,* 142 Ohio St. 595, 53 N.E.2d 790 (1944).  "Thus, in a settlement context under Ohio law, the party seeking indemnification must prove both that the

right to indemnification applies to the claim and that such a remedy is appropriate in light of the factual requirements of *Globe*, supra." *Portsmouth Insurance Agency* at ¶ 19; *Blair,* supra.  We find that Appellant ostensibly had  a right to enforce the indemnification provision of the release signed by Appellee, however, this is not an appropriate remedy in that Appellant did not abide by the factual requirements of *Globe,* i.e., (1) providing Appellee notice of the restitution hearing; (2) setting forth facts showing Appellee's legal liability to respond; and, (3) adducing facts that the indemnification amount was fair and reasonable. The trial court herein noted the stipulated facts failed to establish Appellee was given notice of the restitution hearing regarding payment to the sheriff's department.

{**¶14**}  Appellant urges reliance on *Motorist Insurance Companies v. Shields,* 4th Dist. No. 00CA26, 2001-Ohio-2387, 2001 WL 243285 (Jan. 29, 2001). Shields was involved in an automobile accident. At the time of the accident, she was insured by Grange Mutual Casualty Company.  Grange paid Shields $5,000.00 under its med pay coverage.  Shields' policy with Grange also provided a right of subrogation.  Shields subsequently received $105,000.00 after settling with the tortfeasor's insurance company, Motorist.  As part of the settlement with Motorist, Shields executed a release and indemnity

agreement.  After Motorist settled with Shields, Shields refused to reimburse Grange.  Grange looked to Motorist for reimbursement and Motorist reimbursed the $5,000.00 Grange paid pursuant to the med pay coverage.  Motorist eventually filed a complaint against Shields in which Motorist alleged that pursuant to the release and indemnity agreement, Shields were obligated to indemnify Motorist in the amount of $5,000.00 plus attorney fees. Eventually, the case was resolved by summary judgment in which the trial court found that "by virtue of the terms of [appellants] policy with Grange Insurance and the terms of [appellants'] release and indemnity agreement with [Motorist] and others, [appellants] are liable to [Motorist] in the sum of $5.000.00."  Appellants filed an appeal, arguing, among various other assignments of error, that the release and indemnity agreement in the matter explicitly provided for indemnification of attorney fees did not override appellants' right to have the issue submitted to a jury. After reviewing the language of the indemnity agreement, this Court held the attorney fee provision to be enforceable and the trial court's determination that empaneling a jury to determine Motorist's entitlement  to attorney fees was unnecessary, to be a proper determination.  In its discussion of the issue, this Court noted basic

principles regarding review of contract language and determination of attorney fees. That was as far as this Court delved into discussion of the basic principles of indemnity law. The requirements of notice and opportunity to defend were not at issue in *Shields.*

{¶15} The particular fact pattern we are confronted with is somewhat unique. We have not discovered another case wherein the Plaintiff/Appellant pursues a claim of indemnity from the "victim" of a negligent act after obtaining the benefit of judicial release upon voluntary agreement to make restitution in a criminal proceeding, which restitution amount now constitutes the claim for indemnification. Based on the criminal "twist" of this fact pattern, Appellant has argued that *Globe* is inapplicable to the restitution order and further, that he has not discovered another case in 68 years since *Globe* which applies the notice requirements. We have found one other Ohio case where the notice requirement of the indemnification rules was discussed.

{¶16} In *Grace v. Howell,* 2nd Dist. No. 20283, 2004-Ohio-4120, Plaintiff-Appellee Grace sued Howell for personal injuries arising from an automobile accident. The court referred the case to arbitration. The arbitration panel awarded Grace $55,000.00 on her

claim.  Local rule provided a time for appeal of the report and award and in the case, one was never filed.  The trial court subsequently granted judgment on the award in favor of Grace.  However, before the court granted judgment on the award, the parties agreed to settle Grace's claims.

{¶17}  The court eventually filed an agreed order of dismissal with prejudice, signed by the parties' attorneys.  The terms of the settlement agreement were not set forth in the dismissal.  Six months later, Howell filed a motion to enforce the settlement agreement. She attached to her motion a copy of the written settlement agreement. The agreement stated that in exchange for payment of $65,000.00 from Howell and her insurer, Grange, receipt of which was acknowledged, Grace agreed to indemnify and hold Howell and/or Grange harmless on any claims arising from the accident, including any "subrogation claims by any other party."   Howell's motion argued that subsequent to the court's dismissal order, Grange had paid Grace's own insurer, State Farm, over $9,000.00 on a subrogated claim for medical expenses, and that Grace refused to indemnify Grange.  Howell's motion asked the court to require Grace to perform on her promise to indemnify.

{¶18}  The trial court denied Howell's motion, reasoning that the amount paid by Grange was an amount that had been determined in an inter-company arbitration proceeding between State Farm and Grace, to which Grace was not a party.  As such, Grace was not bound by her indemnification promise to pay Grange.   The 2nd District appellate court agreed the amount of indemnification Grange sought was not enforceable against Grace because she lacked notice and an opportunity to defend in the inter-company arbitration proceeding between Grange and State Farm.  The appellate court wrote at ¶ 17:

> "Generally, in an action to recover from an indemnitor on account of a demand upon which there has been a judgment against the indemnitee, the indemnitor is bound by such judgment if he or she had due notice of the suit in which it was rendered and had an opportunity to defend; such a judgment is conclusive evidence against the indemnitor as to the amount of damages sustained."  18 Ohio Jurisprudence 3d., Contribution, Indemnity, and Subrogation, Section 45, pp. 279-280.

{¶19}  The appellate court also noted Grace was not relieved of the duty to indemnify Grange, but that Grace was not bound by the arbitration panel's finding of the value of the subrogated claim and thus a new proceeding must be commenced by Grange to determine and enforce its right of indemnification.

{¶20}  Appellant urges the concepts of notice and opportunity to defend are illusory issues in this context.  Appellant contends

Appellee's entire argument rests on the single premise that the order

of restitution entered in the criminal case as part of the sentence is the

functional equivalent of a voluntary settlement for purposes of the

*Globe* requirements. We are not persuaded the trial court's decision

leads to this broad generalization. Nor are we convinced that applying

the *Globe* requirements in this context is peculiar, as per Appellant's

notion that giving Appellee notice of the restitution hearing would

have been futile and unnecessary. In, albeit, another civil case, the

Supreme Court of Ohio has stated:

> "In *Miller v. Rhoades,* 20 Ohio St. 494, [1870 WL 59 (1870)],
> an action upon a bond given by a creditor to indemnify an
> officer for the sale of property held by him upon execution, but
> claimed by another- a judgment having been recovered against
> the officer, it was held that 'the creditor having due notice of
> the action, and an opportunity to defendant against it, the
> judgment is conclusive evidence against the obligor of the
> amount of damages sustained.' We have become familiar with
> the application of this doctrine to one who is liable over to
> another on a warranty of title to land, it being accepted as the
> established law that the warrantee may charge the warrantor
> with the consequences of an action to evict by giving him
> timely notice of the suit, with an offer of opportunity to defend.
> **It is an extension of the doctrine that all who are parties to a
> judicial record are bound by the judgment, and it rests
> upon the same foundation- the necessity that there be an
> end of litigation… The reason for the doctrine does not
> suggest that there should be any limit to its application
> because of the nature of the obligation over of the person
> notified.  Upon examination of numerous decisions in other
> states and in the federal courts, it appears that the doctrine
> is of general application, without regard to the nature of the**

**liability over of the person notified, whether it arises out of contract or by operation of law."** (Emphasis added.).  *First Nat. Bank of Mt. Vernon, Ohio, v. First Nat. Bank of Lincoln, Ill.,* 68 Ohio St. 43, 67 N.E. 91 (1903).


{¶21}  Appellant sought indemnification pursuant to the four corners of the release he obtained, and he must abide by the usual rules in pursuing this claim, regardless of the nature of the obligation, i.e., here, the restitution order.  He did not do so.  As such, we agree with the decision of the trial court and overrule Appellant's assignment of error.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and costs herein be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Chillicothe Municipal Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Harsha, J. & Abele, J.:  Concur in Judgment and Opinion.


For the Court,

BY:  _____
Matthew W. McFarland
Presiding Judge



**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**